UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GAGA OPPORTUNITY 2501 NW 79 STREET, LLC, a Florida limited liability company,

CASE NO.:

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

_______________________________________/

**COMPLAINT**

Plaintiff, GAGA OPPORTUNITY 2501 NW 79 STREET, LLC, a Florida limited liability company ("Plaintiff" or "Gaga"), hereby sues Defendant, THE UNITED STATES OF AMERICA, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages exceeding the sum of Fifteen Thousand Dollars ($15,000.00).

2. This is an action for breach of contract, negligent misrepresentation, and breach of 26 CFR 601.104 with regard to four (4) parcels of real property in Miami-Dade County, Florida that the United States Internal Revenue Service sold to Gaga at a public auction sale conducted under the authority of 26 U.S.C. 6331, 6335, and related regulations.

3. This Court has subject matter jurisdiction pursuant to 28 USC Code Section 1331 because this civil action arises under the laws of the United States. Specifically, the Internal Revenue Service's public auction sale which underlies this civil action was held under the authority of 26 U.S.C. 6331, 6335, and related regulations, and this action asserts a count against the Internal Revenue Service for breach of 26 CFR 601.104.

4. Plaintiff, Gaga, is a Florida limited liability company doing business in Miami-Dade County, Florida.

5. Defendant, the UNITED STATES OF AMERICA, is a party to this action by virtue of the actions of the Internal Revenue Service of the United States federal government (the "IRS").

**GENERAL ALLEGATIONS**

6. In early 2019, the IRS advertised via a Notice of Public Auction Sale (the "Notice of Public Auction") that four (4) parcels of property which had been seized for nonpayment of internal revenue taxes due from taxpayer Everett Painting Company, Inc. ("Everett Painting") would be sold at public auction as provided by Internal Revenue Code Sections 6331, 6335, and related regulations. A true and correct copy of the Notice of Public Auction Sale is attached hereto as **Exhibit "A"**.

7. The four (4) parcels that the IRS advertised for sale in the Notice of Public Auction which are the subject of this litigation are as follows:

7.1. "**Parcel 1**"- 2,050 sq. ft. retail outlet store building built in 1950 situated on 0.09 acre more commonly known as 2531 NW 79th St., Miami, FL 33147. Folio No. 30-3110-048-0090. Lot 13 LESS SIS' & LOT 14, Block 1. EVERGLADE TERRACE, Plat Book 19, Page 25, Miami-Dade County, FL.

7.2. "**Parcel 2**"- 0.13 acre vacant, commercial lot more commonly known as Folio No. 30-3110-048-0100. Minimum bid: $25,500.00. Lot 15 & 16 LESS S15' & ALL LOT 29, Block 1, EVERGLADE TERRACE, Plat Book 19, Page 25, Miami-Dade County, FL.

7.3. "**Parcel 3**"- 2,283 sq. ft. office building built in 1949 situated on 0.5 acre more commonly known as 2501 NW 79th St., Miami, FL 33147. Folio No. 30-3110-048-0110.

Lot 17 TO 28 INC LESS S15', Block I, EVERGLADE TERRACE, Plat Book 19, Page 25, UNITY OF TITLE TO DADE COUNTY DATED 12-23-68, Miami-Dade County, FL.

7.3.1. "**Parcel 4**"- 0.05 acre vacant lot more commonly known as 2550 NW 79th Ter., Miami, FL 33147. Folio No. 30-3110-048-0120.

8. Under the subsection "Title Offered" in the Notice of Public Auction, the IRS stated that "only the right, title and interest of the Taxpayer [Everett Painting] in and to the property will be offered for sale."

9. The IRS further stated in the Notice of Public Auction that the IRS "will sell [the properties] separately or in the aggregate. Aggregate minimum bid: $354, 100.00."

10. The IRS offered to sell Parcels 1, 2, 3, and 4 (collectively, "the Parcels") individually or in the aggregate (a.k.a. as an "assemblage") because the Parcels are contiguous to each other and are collectively bounded by Northwest 79th Terrace to the North, NW 25th Ave to the East, and State Road 934/NW 79th Street to the South. An aerial photograph depicting the locations of the four (4) Parcels is attached hereto as **Exhibit "B"**.

11. On May 14, 2019, the IRS held its public auction sale of the Parcels.

12. At the public auction, the IRS allowed bidding on an individual parcel basis and on an assemblage basis (meaning all four (4) contiguous Parcels would be sold at one price). A true and correct copy of the Mail-In Bid for Public Auction Sale form giving auction protocol specifics is attached hereto as **Exhibit "C"**.

13. As Gaga's "assemblage price" bid of $800,000.00 was significantly higher than the total amount bid on a per parcel basis, Gaga's bid was accepted by the IRS and Gaga purchased the four (4) Parcels.

14. After Gaga paid $800,000.00 for the assemblage of four (4) Parcels, the IRS issued Gaga Form 2435 Certificate of Sale of Seized Property- Notice to Purchaser or Purchaser's Assignee ( "Form 2435") for each of the four (4) Parcels. True and correct copies of Forms 2435 for each of the Parcels are attached hereto as **Exhibit "D"**. The issuance of these documents confirms the IRS' belief and representation that the taxpayer owned the four (4) Parcels at the time of the auction.

15. Form 2435 (**Exhibit "D"**) states that "[i]f the real property is not redeemed within the time prescribed in section 6337 of the Internal Revenue Code, a deed will be issued. . . in and to the real property," meaning that Gaga would become the legal title holder of all four (4) Parcels if the taxpayer, Everett Painting, did not pay off all encumbrances on the Parcels within a certain time period.

16. Form 2435 also contains a certification in which Paul Reed, Property Appraisal & Liquidation Specialist for the IRS, states that "I certify that I sold at public sale the property described below, seized for nonpayment of delinquent Internal Revenue taxes due from" the taxpayer, Everett Painting. Therefore, by the IRS' own certification, the IRS confirmed that all four (4) Parcels were sold to Gaga at public sale on May 14, 2019.

17. Soon after Gaga purchased the assemblage of four (4) Parcels, Gaga learned that prior to the IRS public auction, Parcel 2 had already been sold by the Miami-Dade County Tax Collector pursuant to a tax deed sale under Chapter 197.502 of the Florida Statutes on May 9, 2019, five (5) days before the IRS sold Parcels 1, 2, 3, and 4 to Gaga as an assemblage. In other words, the IRS knowingly sold the taxpayer's interest in Parcel 2 even though the taxpayer had no ownership interest in Parcel 2 at the time of the IRS auction.

18. The sale of Parcel 2 by the Miami-Dade County Tax Collector prior to the IRS public auction completely destroyed the assemblage Gaga purchased from the IRS because Parcel 2 splits the assemblage in half, leaving Gaga with parcels to the east and west of Parcel 2. See **Exhibit "B"** for the aerial photograph depicting how Parcel 2 destroys the assemblage by dividing the remaining Parcels in half.

19. As the IRS had no interest or title to Parcel 2, the IRS had no right to sell Parcel 2 to Gaga, nor did the IRS have the right to sell Parcels 1, 2, 3, and 4 as an assemblage to Gaga and accept Gaga's $800,000.00 assemblage bid. However, the IRS proceeded with the sale anyway.

20. Moreover, the IRS had actual notice from the Clerk of the Courts for Miami-Dade County that Parcel 2 was subject to a tax deed sale prior to the IRS public auction, as USPS Certified Mail shows that the IRS received notice of the tax deed sale on March 25, 2020, one-and-a-half (1.5) months before the IRS sold Parcel 2 along with Parcels 1, 3, and 4 to Gaga as an assemblage. A true and correct copy of the USPS Certified Mail receipt showing receipt by the IRS is attached hereto as **Exhibit "E"**.

21. As soon as Gaga learned that the IRS had no right to sell Parcel 2 at public auction whatsoever, let alone the right to sell Gaga an assemblage of properties that did not exist, Gaga brought the sale of Parcel 2 to the IRS' attention to inquire as to how the sale of Parcel 2 affected Gaga's purchase of the four (4) Parcels as an assemblage for $800,000.00. The IRS never complied with Gaga's request for additional information. Instead, by letter dated October 22, 2019, the IRS confirmed that Parcel 2 had already been sold prior to the IRS' public auction, acknowledged its error, and offered to refund Gaga's money for Parcel 2 only in the amount of $57,000.00. A true and correct copy of the letter from the IRS to Gaga dated October 22, 2019 is attached hereto as **Exhibit "F"**

22. The IRS' offer of $57,000.00 in its October 22 letter is deficient and fails to adequately reimburse Gaga for the IRS' error for numerous reasons.

23. First, the IRS' offer of $57,000.00 did not reimburse Gaga for the premium Gaga paid to purchase an assemblage of contiguous properties that the IRS had no right to sell, as the assemblage did not exist at the time of the IRS' public auction.

24. As Parcel 2 splits the remaining parcels in half, not only was the assemblage completely destroyed, but the values of Parcels 1, 3, and 4 were diminished because the parcels were worth far more as contiguous parcels of land with the potential to be developed as one larger parcel than they are worth now as individual parcels.

25. Each parcel is now only worth its individual minimum bid value which in sum is far less than Gaga's assemblage bid of $800,000.00, or the IRS would have accepted bids on a per parcel basis instead of Gaga's winning assemblage bid.

26. Furthermore, Gaga had a buyer willing and able to purchase the contiguous assemblage for $1.4 million. As the IRS sold Gaga the four (4) Parcels as a contiguous assemblage for $800,000.00, and the parcels are no longer an assemblage, the IRS' error caused Gaga to suffer $600,000.00 in lost profits.

27. On May 1, 2020, Gaga made written demand upon the IRS for return of the $800,000.00 paid by Gaga for the assemblage of four (4) Parcels that the IRS never had the right to sell as an assemblage, let alone the right to sell Parcel 2 at all. In exchange, the IRS would retain the rights, titles, and interests to the surplus of the four (4) Parcels, putting the IRS in the same position before it improperly and unlawfully sold the Parcels to Gaga as an assemblage.

28. To date, the IRS has failed to respond.

29. Gaga has engaged the law firm of SANCHEZ-MEDINA, GONZALEZ,

QUESADA, LAGE, GOMEZ & MACHADO LLP ("SMGQ Law") to bring the above-styled action and has agreed to pay its attorneys reasonable fees and costs for their services.

30. All conditions precedent to the filing of this action have been performed, satisfied, or waived.

**COUNT I - BREACH OF CONTRACT**

31. GAGA readopts and realleges paragraphs 1 through 30 as if fully set forth herein.

32. This is an action for breach of contract.

33. On May 14, 2019, the IRS and Gaga entered into a contract for the sale of Parcels 1, 2, 3, and 4 as set forth in Forms 2435, attached hereto as **Exhibit "D"** (collectively, the "Contract").

34. The IRS breached its Contract with Gaga when it could not convey to Gaga the rights and interests of Everett Painting to Parcel 2 because Parcel 2 had already been sold at a Miami-Dade County tax auction and, therefore, the IRS had no rights or interests to sell.

35. The IRS further breached the Contract when it sold Parcels 1, 2, 3, and 4 to Gaga as a contiguous assemblage and accepted Gaga's assemblage bid price of $800,000.00 when the assemblage of Parcels did not exist on the date of the IRS public auction.

36. As a consequence of the IRS' default, Gaga has suffered damages in excess of $500,000.00.

WHEREFORE, Plaintiff, GAGA OPPORTUNITY 2501 NW 79 STREET, LLC, demands judgment against Defendant, THE UNITED STATES OF AMERICA, for damages, attorneys' fees and costs, and any other relief deemed just and proper in favor of Plaintiff.

## COUNT II – NEGLIGENT MISREPRESENTATION

37. GAGA readopts and realleges paragraphs 1 through 30 as if fully set forth herein.

38. This is an action for negligent misrepresentation.

39. The IRS made false statements of material facts to Gaga when it represented to Gaga that it had the right to sell Parcels 1, 2, 3 and 4 as an assemblage and the right to sell Parcel 2 at all. It also misrepresented that the taxpayer, Everett Painting, had an ownership interest in Parcel 2 when in fact it had none.

40. The IRS should have known that its representations were false.

41. The IRS intended to induce Gaga to act on its misrepresentations when Gaga purchased the Parcels.

42. Gaga acted in justifiable reliance on the misrepresentations causing injury and damages to Gaga, in excess of $500,000.00.

WHEREFORE, Plaintiff, GAGA OPPORTUNITY 2501 NW 79 STREET, LLC, demands judgment against Defendant, THE UNITED STATES OF AMERICA, for damages, attorneys' fees and costs, and any other relied deemed just and proper in favor of Plaintiff.

## COUNT III – BREACH OF 26 CFR 601.104

43. GAGA readopts and realleges paragraphs 1 through 30 as if fully set forth herein.

44. This is an action for breach of 26 CFR 601.104 of the Code of Federal Regulations.

45. Pursuant to 26 CFR 601.104:

> If the Service sells property, and it is subsequently determined that the taxpayer had no interest in the property or that the purchaser was misled by the Service as to the value of the taxpayer's interest, immediate action will be taken to refund any money wrongfully collected if a claim is made and the pertinent facts are present.

46. As set forth more fully herein, the IRS (or "the Service" as that term is used in 26 CFR 601.104) sold the taxpayer's, Everett Painting's, interests and rights to Parcels 1, 2, 3, and 4 as a contiguous assemblage to Gaga at the IRS' public tax auction sale on May 14, 2020.

47. After the IRS sold the Parcels to Gaga, Gaga learned that Everett Painting's interest in Parcel 2 had already been sold five (5) days earlier to another party at a Miami-Dade County tax auction. Consequently, the taxpayer had no interest in Parcel 2 when the IRS attempted to sell the taxpayer's interest in Parcel 2 to Gaga.

48. Gaga was misled by the IRS as to the value of the taxpayer's interest when it represented that the taxpayer owned Parcel 2 at the time of the sale (which it did not) and nevertheless advertised the sale of the four (4) parcels (including Parcel 2) as part of an assemblage. The sale of Parcel 2 prior to the IRS' tax auction not only destroyed the assemblage value but diminished the value of the remaining Parcels because the parcels were worth far more as an assemblage of properties than as individual parcels.

49. Gaga is entitled to a refund of its payment of $800,000.00 pursuant to 26 CFR 601.104 because Gaga's funds were based on the value of the assemblage of the four (4) parcels, only three (3) of which were owned by the taxpayer, and an assemblage did not exist.

50. Gaga has made a claim for return of the funds wrongfully collected by the IRS, and the pertinent facts are present as set forth herein.

WHEREFORE, Plaintiff, GAGA OPPORTUNITY 2501 NW 79 STREET, LLC, demands judgment against Defendant, THE UNITED STATES OF AMERICA, for damages, attorneys' fees and costs, and any other relied deemed just and proper in favor of Plaintiff.

Dated: June 2, 2020

Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP**
Counsel for *Plaintiff Gaga Opportunity*
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Main Tel: 305-377-1000
Direct Fax: 786-304-2216
Toll Free: 855-213-4806
E-mail: Mmandler@smgqlaw.com
MGonzalez@smgqlaw.com
RWilliams@smqglaw.com

By: /s/ Mitchell W. Mandler, Esq.
Mitchell W. Mandler, Esq.
Florida Bar No. 286893

# EXHIBIT "A"

The Department of the Treasury
Internal Revenue Service



**Notice of Public Auction Sale**

Under the authority in Internal Revenue Code section 6331, the property described below has been seized for nonpayment of internal revenue taxes due from Taxpayer. The property will be sold at public auction as provided by Internal Revenue Code section 6335 and related regulations.

| | |
|---|---|
| **Date:** | 5/14/2019 |
| **Time:** | 1:00 PM |
| **Bidder Registration Time:** | 12:30pm |
| **Sale Location:** | ***2501 NW 79th St., Miami, FL 33147*** |
| **Title Offered:** | Only the right, title and interest of the Taxpayer in and to the property will be offered for sale. If requested, the Internal Revenue Service will furnish information about possible encumbrances, which may be useful in determining the value of the interest being sold. |
| **Description of Property:** | 2,050 sq. ft. retail outlet store building built in 1950 situated on 0.09 acre more commonly known as 2531 NW 79th St., Miami, FL 33147. Folio No. 30-3110-048-0090. Minimum bid: $38,000.00.<br><br>0.13 acre vacant, commercial lot more commonly known as Folio No. 30-3110-048-0100. Minimum bid: $25,500.00.<br><br>2,283 sq. ft. office building built in 1949 situated on 0.5 acre more commonly known as 2501 NW 79th St., Miami, FL 33147. Folio No. 30-3110-048-0110. Minimum bid: $290,000.00.<br><br>0.05 acre vacant lot more commonly known as 2550 NW 79th Ter., Miami, FL 33147. Folio No. 30-3110-048-0120.Minimum bid: $600.00 |
| **Property May Be Inspected at:** | Drive by only. |
| **Inventory Note:** | Will sell separately or in the aggregate. Aggregate minimum bid: $354,100.00. |
| **Minimum Bid:** | See Property Description. |
| **Bid Note:** | Mail in bids accepted. |

**Click here for Frequently Asked Questions**
This file will need Adobe Acrobat Reader. If your browser is not configured for pdf files the Adobe Acrobat Reader is free to download.

**Click here for Mail-in Bid Form**
This file will need Adobe Acrobat Reader. If your browser is not configured for pdf files the Adobe Acrobat Reader is free to download.

**Click here for Encumbrance- 2050 SQ FT RETAIL OUTLET**
This file will need Adobe Acrobat Reader. If your browser is not configured for pdf files the Adobe Acrobat Reader is free to download.

**Click here for ENCUMBRANCE- 0.13 ACRE VACANT COMMERCIAL LOT**
This file will need Adobe Acrobat Reader. If your browser is not configured for pdf files the Adobe Acrobat Reader is free to download.

**Click here for ENCUMBRANCE- 2283 SQ FT OFFICE BLDG**
This file will need Adobe Acrobat Reader. If your browser is not configured for pdf files the Adobe Acrobat Reader is free to download.

**Click here for ENCUMBRANCE- 0.05 ACRE VACANT LOT**
This file will need Adobe Acrobat Reader. If your browser is not configured for pdf files the Adobe Acrobat Reader is free to download.

**Click here for photos of property**

**The Terms of Payment:** Deferred as follows: 20% of successful bid due upon acceptance of said bid with balance due June 14, 2019.

**Form of Payment:** All payments must be by cash, a certified, cashier's, or treasurer's check drawn on any bank or trust company incorporated under the laws of the United States or under the laws of any State, Territory, or possession of the United States, or by a United States postal, bank, or express money order. Make check or money order payable to the United States Treasury.

**For additional information about the property and proposed sale, please contact the following office:**

**Name:** Paul Reed

**Title:** Property Appraisal & Liquidation Specialist

**Bureau:** Internal Revenue Service

**Address:** 1899 Powers Ferry Rd., Ste. 250
Atlanta, GA, 30339

**Phone:** (770) 826-1271

**Available images for this Item**



0.13 ACRE VACANT COMMERCIAL LOT

**Top of the Page**



2283 SQ FT OFFICE BUILDING

**Top of the Page**



SIDE VIEW OF OFFICE BUILDING

**Top of the Page**



REAR VIEW OF OFFICE BUILDING

**Top of the Page**



0.05 ACRE VACANT LOT

**Top of the Page**



2050 SQ FT RETAIL OUTLET

**Top of the Page**

**For additional information, please contact Paul Reed**

**Updated: 5/14/2019**

# EXHIBIT “B”




Address | Owner Name | Folio

# SEARCH:

111 NW 1 St | Suite

## PROPERTY INFORMATION

**Folio:** 30-3110-048-0100

**Sub-Division:**
EVERGLADES TERRACE

**Property Address**

**Owner**
RUSOL AND CO INC TRS

**Mailing Address**
700 N AUGUSTA DRIVE
MIAMI, FL 33015

**PA Primary Zone**
6174 UC CORE - MAIN STREET (MM) 12 MAX HT

**Primary Land Use**
1081 VACANT LAND - COMMERCIAL : VACANT LAND

| | |
|---|---|
| **Beds / Baths / Half** | 0 / 0 / 0 |
| **Floors** | 0 |
| **Living Units** | 0 |
| **Actual Area** | 0 |
| **Living Area** | 0 |
| **Adjusted Area** | 0 |

| | |
|---|---|
| **Lot Size** | 5,875 Sq.Ft |
| **Year Built** | 0 |




**Featured Online Tools**

- Comparable Sales
- PA Additional Online Tools
- Property Search Help
- Report Discrepancies
- Special Taxing Districts and Other Non-Ad valorem Assessments
- Tax Estimator
- Value Adjustment Board
- Glossary
- Property Record Cards
- Property Taxes
- Report Homestead Fraud
- Tax Comparison
- TRIM Notice

# EXHIBIT "C"

# Mail-In Bid for Public Auction Sale
# Range Bid

I, the undersigned, bid starting at the Minimum Bid of (Check which properties are being bid on)

___ 1) $38,000.00 up to a maximum of $___________ on **2,050 sq. ft. retail outlet store building built in 1950 situated on 0.09 acre more commonly known as 2531 NW 79th St., Miami, FL 33147. Folio No. 30-3110-048-0090.**

___ 2) $25,500.00 up to a maximum of $__________ on **0.13 acre vacant, commercial lot more commonly known as Folio No. 30-3110-048-0100.**

___ 3) $290,000.00 up to a maximum of $__________ on **2,283 sq. ft. office building built in 1949 situated on 0.5 acre more commonly known as 2501 NW 79th St., Miami, FL 33147. Folio No. 30-3110-048-0110.**

___ 4) $600.00 up to a maximum of $___________ on **0.05 acre vacant lot more commonly known as 2550 NW 79th Ter., Miami, FL 33147. Folio No. 30-3110-048-0120.**

___ 5) $354,100.00 up to a maximum of $___________ on **all four properties listed above.**

offered for sale by public auction on May 14, 2019. I enclose my payment of at least 20% of my maximum bid: $____________, which is deposit of my bid and authorize the enclosed payment to be applied against the sale price if I am the successful bidder. The balance of the successful bid to be paid in full no later than June 14, 2019.

I understand that this mail-in bid must be in auctioneer's possession at the time of sale to be included in the sale. Increments are at the discretion of the auctioneer as dictated by the live bidding.

I understand that this mail-in bid must be in auctioneer's possession at the time of sale to be included in the sale. **NOTE:** the form of payment and/or bid must comply with the Terms of Payment as stated on the Notice of Public Auction Sale. **(DO NOT SEND CASH)**

Please provide (Print) Bidder Information Below:

Name ____________________________

Phone Number______________________

Cell Number_______________________

Address____________________________________________________

E-Mail Address ______________________

Fax Number_________________________

By submitting this mail-in bid, I understand that: This is a mail-in bid for a public auction sale, and it is not a sealed bid sale; I must comply with all other conditions as stated in the Notice of Public Auction Sale. There are advantages that I am forgoing by not being present at the actual sale, such as inspecting the property, hearing any statement by the taxpayer or lien holders, and engaging in open, competitive bidding.

SIGNATURE OF BIDDER: ___________________________________

Submit the bid in a securely sealed envelope with your name, address and date of sale on the upper left corner of the envelope. Address to submit MAIL-IN BID and Deposit:

**Internal Revenue Service**
**Attn.: Paul Reed, PALS**
**1899 Powers Ferry Rd., Ste. 250**
**Atlanta, GA 30339**

Annotate the envelope with the following statement: "MAIL-IN BID - TO BE OPENED BY PALS ONLY"

NOTICE TO ALL MAIL-IN BIDDERS – If you submit a Mail-In Bid, then decide to withdraw your bid prior to the sale, you must make notice of such a withdrawal in writing, to the Property Appraisal & Liquidation Specialist (PALS) employee. This may be in the form of an Email or a written letter and mailed, Emailed or faxed to the PALS. Any withdrawal must be RECEIVED by the PALS PRIOR to the subject sale. The PALS are field employees and do not always have immediate Email or US Mail access – therefore, it is the responsibility of the BIDDER to ensure that the notice of withdrawal is actually RECEIVED by the PALS prior to the sale – the fact that the bidder just sent a withdrawal prior to a sale date/time is not sufficient. If the PALS does not personally receive written notice of the withdrawal prior to the sale, the bid will be considered as a valid bid. On a deferred payment sale, failure by the Bidder to pay any remaining balance due on the bid in accordance with the Notice of Public Auction Sale may result in the Bidder forfeiting the initial bid deposit.

(IRS USE ONLY)
Total amount of successful bid $_______________
Deposit received $_______________
Balance received Date_________ $_______________
Certificate of Sale issued Date_________
Signature/Title ________________________________________
RETURN OF REMITTANCE TO UNSUCCESSFUL BIDDER
The deposit submitted with this bid was returned by Mail on ____________,2019.
Signature/Title _________________________________________

# EXHIBIT "D"

# Department of the Treasury – Internal Revenue Service

## Notice to Purchaser or Purchaser's Assignee

The real property you purchased may be redeemed by the owners of the real property, their heirs, executors, administrators or any person having an interest in the property at any time within 180 days after the sale.

Date of sale: May 14, 2019

Date Redemption Period ends: November 10, 2019

REDEMPTION RIGHTS

Such property or tract shall be permitted to be redeemed upon payment to the purchaser, or in case the purchaser cannot be located in the county in which the property to be redeemed is situated, then to the Secretary, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum. If you are contacted by these parties and they indicate they are interested in redeeming the property, you may contact the person at the bottom of this document to determine the amount of interest which should be paid to you.

HOW TO OBTAIN A DEED

If the real property is not redeemed within the 180 day period, you may obtain a deed by surrendering the Form 2435, Certificate of Sale of Seized Property, either by personal delivery or mail to the following address:

Internal Revenue Service
Attn: Treciann A. Collman
7850 SW 6th Ct.
Plantation, FL 33324

Upon receipt of the Form 2435, Certificate of Sale of Seized Property, a Quit-Claim Deed will be prepared and forwarded to you for recordation in the County where the real property is located.

If you have any questions regarding this process, you may call (954)991-4102.

Form **2435**
(Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Certificate of Sale of Seized Property

**I certify that I sold at public sale the property described below, seized for nonpayment of delinquent Internal Revenue taxes due from:**

| Taxpayer's name | Date of sale |
|---|---|
| Everett Painting Company, Inc. | 05/14/2019 |

Sale held at: 2501 NW 79th St., Miami, FL 33147

in the county of Miami-Dade .

**Description of property sold** *(If you need more space, please attach a separate sheet. If property listed includes motor vehicles, airplanes, and/or boats, see information under Notice of Encumbrances.)*

EVERGLADE TERRACE PB 19-25
Lot 13 less the South 15 feet and Lot 14
Block 1
Lot size irregular
OR 17765-4862 0797 5 (4)

More commonly known as Folio 30-3110-048-0090, 2531 NW 79th St., Miami, FL 33147.

**The above property was sold at the highest bid received, and receipt of the bid amount is acknowledged. The sale was conducted as provided by Subchapter D, Chapter 64, of the Internal Revenue Code and related regulations.**

| Sale amount | Purchaser's name |
|---|---|
| $ 85,600.00 | GaGa Opportunity 2501 NW 79 Street, LLC |

Purchaser's address
8600 NW 36th Ave.
Miami, FL 33147

| Signature of IRS employee | Area Office / Territory Office |
|---|---|
| | SE:S:C:HQC:QTS:PALSE |

| Office address of IRS employee | Date |
|---|---|
| 1899 Powers Ferry Rd., Ste. 250<br>Atlanta, GA 30339 | 06/24/2019 |

Form **2435**
(Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Notice to Purchaser or Purchaser's Assignee

## Personal Property

This certificate transfers to the purchaser all right, title, and interest of the taxpayer in and to the personal property described.

## Real Property

If the real property is not redeemed within the time prescribed in section 6337 of the Internal Revenue Code, a deed will be issued as soon
in and to the real property. Instructions for obtaining a deed are given below.

## Redemption Rights

The rights of redemption of real estate after sale, as specified in Code Section 6337(b), are quoted below:

(b) Redemption of Real Estate After Sale.

(1) Period. —The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having
sold, or any particular tract of such property, at any time within 180 days after the sale thereof.

(2) Price. —Such property or tract shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum.

## How to Obtain a Deed

If the real estate is not redeemed within the 180-day period, the purchaser or assignee may obtain a deed by surrendering this certificate of sale, either by personal delivery or mail, to:

(1) The Area Director of Internal Revenue for the area in which the property is located, marked for the Attention, Technical Support Manager; or

(2) The address of the Internal Revenue Service office shown on the front of this certificate.

## Applicable Sections Under The Internal Revenue Code

SEC. 6338. CERTIFICATE OF SALE: DEED OF REAL PROPERTY

(a) Certificate of Sale.—In the case of property sold as provided in section 6335, the Secretary shall give to the purchaser a certificate of sale upon payment in full of the purchase price. In the case of real property, such certificate shall set forth the real property purchased, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor.

(b) Deed to Real Property.—In the case of any real properly sold as provided in section 6335 and not redeemed in the manner and within the time provided in section 6337,
in which such real property is situated pertaining to sales of real property under execution) to the purchaser of such real property at such sale, upon his surrender of the certificate of sale, a deed of the real property by him, reciting the facts set forth in the certificate.

(c) Real Property Purchased by United States.—If real properly is declared purchased by the United States at a sale pursuant to section 6335, the Secretary shall at the proper time execute a deed therefore, and without delay cause such deed to be duly recorded in the proper registry of deeds.

SEC. 6339. LEGAL EFFECT OF CERTIFICATE FOR SALE OF PERSONAL PROPERTY AND DEED OF REAL PROPERTY.

(a) Certificate of Sale Property Other Than Real Properly.—In all cases of sale pursuant to section 6335 of property (other than real property), the certificate of sale—

(1) As evidence.—Shall be prima facie evidence of the right of the officer to make such sale, and conclusive evidence of the regularity of his proceedings in making the sale; and

(2) As conveyances.—Shall transfer to the purchaser all right, title, and interest of the party delinquent in and to the property sold; and

(3) As authority for transfer of corporate stock.—If such property consists of stocks, shall be notice, when received, to any corporation, company, or association of such transfer, and shall be authority to such corporation, company, or association to record the transfer on its books and records in the same manner as if the stocks were transferred or assigned by the party holding the same, in lieu of any original or prior certificate, which shall be void, whether canceled or not; and

(4) As receipts.—If the subject of sale is securities or other evidences of debt, shall be a good and valid receipt to the person holding the same, as against any person holding or claiming to hold possession of such securities or other evidences of debt, and

(5) As authority for transfer of title to motor vehicle.—If such property consists of a motor vehicle, shall be notice, when received, to any public official charged with the registration of title to motor vehicles, of such transfer and shall be authority to such official to record the transfer on his books and records in the same manner as if the certificate of title to such motor vehicle were transferred or assigned by the party holding the same the in lieu of any original or prior certificate, which shall be void, whether canceled or not.

(b) Deed of Real Property.—In the case of the sale of real property pursuant to section 6335—

(1) Deed as evidence.—The deed of sale given pursuant to section 6338 shall be prima facie evidence of the facts therein stated; and

(2) Deed as conveyance of title.—If the proceedings of the Secretary as set forth have been substantially in accordance with the provisions of law, such deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real property thus sold at the time the lien of the United States attached thereto.

(c) Effect of Junior Encumbrances.—A certificate of sale of personal property given or a deed to real property executed pursuant to section 6338 shall discharge such properly from all liens, encumbrances, and titles over which the lien of the United States with respect to which the levy was made had priority.

(d) Cross References.—

(1) For distribution of surplus proceeds, see section 6342(b).

(2) For judicial procedure with respect to surplus proceeds, see section 7426(a)(2).

Form **2435** (Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Certificate of Sale of Seized Property

**I certify that I sold at public sale the property described below, seized for nonpayment of delinquent Internal Revenue taxes due from:**

| Taxpayer's name | Date of sale |
|---|---|
| Everett Painting Company, Inc. | 05/14/2019 |

Sale held at: 2501 NW 79th St., Miami, FL 33147

in the county of Miami-Dade .

**Description of property sold** *(If you need more space, please attach a separate sheet. If property listed includes motor vehicles, airplanes, and/or boats, see information under Notice of Encumbrances.)*

10 53 41
EVERGLADE TERRACE PB 19-25
Lots 15 and 16 less the South 15 feet and all of Lot 29
Block 1
Lot size irregular
OR 17765-4862 0797 5 (4)

More commonly known as Folio 30-3110-048-0100, 0.13 acre vacant lot.

**The above property was sold at the highest bid received, and receipt of the bid amount is acknowledged. The sale was conducted as provided by Subchapter D, Chapter 64, of the Internal Revenue Code and related regulations.**

| Sale amount | Purchaser's name |
|---|---|
| $ 57,600.00 | GaGa Opportunity 2501 NW 79 Street, LLC |

Purchaser's address
8600 NW 36th Ave.
Miami, FL 33147

| Signature of IRS employee | Area Office / Territory Office |
|---|---|
| [signature] | SE:S:C:HQC:QTS:PALSE |

| Office address of IRS employee | Date |
|---|---|
| 1899 Powers Ferry Rd., Ste. 250<br>Atlanta, GA 30339 | 06/24/2019 |

Form **2435**
(Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Notice to Purchaser or Purchaser's Assignee

## Personal Property

This certificate transfers to the purchaser all right, title, and interest of the taxpayer in and to the personal property described.

## Real Property

If the real property is not redeemed within the time prescribed in section 6337 of the Internal Revenue Code, a deed will be issued as soon
in and to the real property. Instructions for obtaining a deed are given below.

## Redemption Rights

The rights of redemption of real estate after sale, as specified in Code Section 6337(b), are quoted below:

(b) Redemption of Real Estate After Sale.

(1) Period. —The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having
sold, or any particular tract of such property, at any time within 180 days after the sale thereof.

(2) Price. —Such property or tract shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum.

## How to Obtain a Deed

If the real estate is not redeemed within the 180-day period, the purchaser or assignee may obtain a deed by surrendering this certificate of sale, either by personal delivery or mail, to:

(1) The Area Director of Internal Revenue for the area in which the property is located, marked for the Attention, Technical Support Manager; or

(2) The address of the Internal Revenue Service office shown on the front of this certificate.

## Applicable Sections Under The Internal Revenue Code

SEC. 6338. CERTIFICATE OF SALE: DEED OF REAL PROPERTY

(a) Certificate of Sale.—In the case of property sold as provided in section 6335, the Secretary shall give to the purchaser a certificate of sale upon payment in full of the purchase price. In the case of real property, such certificate shall set forth the real property purchased, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor.

(b) Deed to Real Property.—In the case of any real property sold as provided in section 6335 and not redeemed in the manner and within the time provided in section 6337,
in which such real property is situated pertaining to sales of real property under execution) to the purchaser of such real property at such sale, upon his surrender of the certificate of sale, a deed of the real property by him, reciting the facts set forth in the certificate.

(c) Real Property Purchased by United States.—If real property is declared purchased by the United States at a sale pursuant to section 6335, the Secretary shall at the proper time execute a deed therefore, and without delay cause such deed to be duly recorded in the proper registry of deeds.

SEC. 6339. LEGAL EFFECT OF CERTIFICATE FOR SALE OF PERSONAL PROPERTY AND DEED OF REAL PROPERTY.

(a) Certificate of Sale Property Other Than Real Property.—In all cases of sale pursuant to section 6335 of property (other than real property), the certificate of sale—

(1) As evidence.—Shall be prima facie evidence of the right of the officer to make such sale, and conclusive evidence of the regularity of his proceedings in making the sale; and

(2) As conveyances.—Shall transfer to the purchaser all right, title, and interest of the party delinquent in and to the property sold; and

(3) As authority for transfer of corporate stock.—If such property consists of stocks, shall be notice, when received, to any corporation, company, or association of such transfer, and shall be authority to such corporation, company, or association to record the transfer on its books and records in the same manner as if the stocks were transferred or assigned by the party holding the same, in lieu of any original or prior certificate, which shall be void, whether canceled or not; and

(4) As receipts.—If the subject of sale is securities or other evidences of debt, shall be a good and valid receipt to the person holding the same, as against any person holding or claiming to hold possession of such securities or other evidences of debt, and

(5) As authority for transfer of title to motor vehicle.—If such property consists of a motor vehicle, shall be notice, when received, to any public official charged with the registration of title to motor vehicles, of such transfer and shall be authority to such official to record the transfer on his books and records in the same manner as if the certificate of title to such motor vehicle were transferred or assigned by the party holding the same in the lieu of any original or prior certificate, which shall be void, whether canceled or not.

(b) Deed of Real Property.—In the case of the sale of real property pursuant to section 6335—

(1) Deed as evidence.—The deed of sale given pursuant to section 6338 shall be prima facie evidence of the facts therein stated; and

(2) Deed as conveyance of title.—If the proceedings of the Secretary as set forth have been substantially in accordance with the provisions of law, such deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real property thus sold at the time the lien of the United States attached thereto.

(c) Effect of Junior Encumbrances.—A certificate of sale of personal property given or a deed to real property executed pursuant to section 6338 shall discharge such property from all liens, encumbrances, and titles over which the lien of the United States with respect to which the levy was made had priority.

(d) Cross References.—

(1) For distribution of surplus proceeds, see section 6342(b).

(2) For judicial procedure with respect to surplus proceeds, see section 7426(a)(2).

Form **2435**
(Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Certificate of Sale of Seized Property

**I certify that I sold at public sale the property described below, seized for nonpayment of delinquent Internal Revenue taxes due from:**

| Taxpayer's name | Date of sale |
|---|---|
| Everett Painting Company, Inc. | 05/14/2019 |

Sale held at: 2501 NW 79th St., Miami, FL 33147

in the county of Miami-Dade.

**Description of property sold** *(If you need more space, please attach a separate sheet. If property listed includes motor vehicles, airplanes, and/or boats, see information under Notice of Encumbrances.)*

10 53 41
EVERGLADE TERRACE PB 19-25
Lots 17 to 28 INC less the South 15 feet
Block 1
Unity of Title to Dade County
Dated 12-23-68
PR ADD 2501 NW 79 ST
Lot size 135.450 X 160
OR 18776-0888 0999 1

More commonly known as Folio 30-3110-048-0110, 2501 NW 79th St., Miami, FL 33147.

**The above property was sold at the highest bid received, and receipt of the bid amount is acknowledged. The sale was conducted as provided by Subchapter D, Chapter 64, of the Internal Revenue Code and related regulations.**

| Sale amount | Purchaser's name |
|---|---|
| $ 655,200.00 | GaGa Opportunity 2501 NW 79 Street, LLC |

Purchaser's address
8600 NW 36th Ave.
Miami, FL 33147

| Signature of IRS employee | Area Office / Territory Office |
|---|---|
| [signature] | SE:S:C:HQC:QTS:PALSE |

| Office address of IRS employee | Date |
|---|---|
| 1899 Powers Ferry Rd., Ste. 250<br>Atlanta, GA 30339 | 06/24/2019 |

Form **2435**
(Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Notice to Purchaser or Purchaser's Assignee

## Personal Property

This certificate transfers to the purchaser all right, title, and interest of the taxpayer in and to the personal property described.

## Real Property

If the real property is not redeemed within the time prescribed in section 6337 of the Internal Revenue Code, a deed will be issued as soon
in and to the real property. Instructions for obtaining a deed are given below.

## Redemption Rights

The rights of redemption of real estate after sale, as specified in Code Section 6337(b), are quoted below:

(b) Redemption of Real Estate After Sale.

(1) Period. —The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having
sold, or any particular tract of such property, at any time within 180 days after the sale thereof.

(2) Price. —Such property or tract shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum.

## How to Obtain a Deed

If the real estate is not redeemed within the 180-day period, the purchaser or assignee may obtain a deed by surrendering this certificate of sale, either by personal delivery or mail, to:

(1) The Area Director of Internal Revenue for the area in which the property is located, marked for the Attention, Technical Support Manager; or

(2) The address of the Internal Revenue Service office shown on the front of this certificate.

## Applicable Sections Under The Internal Revenue Code

SEC. 6338. CERTIFICATE OF SALE: DEED OF REAL PROPERTY

(a) Certificate of Sale.—In the case of property sold as provided in section 6335, the Secretary shall give to the purchaser a certificate of sale upon payment in full of the purchase price. In the case of real property, such certificate shall set forth the real property purchased, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor.

(b) Deed to Real Property.—In the case of any real properly sold as provided in section 6335 and not redeemed in the manner and within the time provided in section 6337,
in which such real property is situated pertaining to sales of real property under execution) to the purchaser of such real property at such sale, upon his surrender of the certificate of sale, a deed of the real property by him, reciting the facts set forth in the certificate.

(c) Real Property Purchased by United States.—If real properly is declared purchased by the United States at a sale pursuant to section 6335, the Secretary shall at the proper time execute a deed therefore, and without delay cause such deed to be duly recorded in the proper registry of deeds.

SEC. 6339. LEGAL EFFECT OF CERTIFICATE FOR SALE OF PERSONAL PROPERTY AND DEED OF REAL PROPERTY.

(a) Certificate of Sale Property Other Than Real Properly.—In all cases of sale pursuant to section 6335 of property (other than real property), the certificate of sale—

(1) As evidence.—Shall be prima facie evidence of the right of the officer to make such sale, and conclusive evidence of the regularity of his proceedings in making the sale; and

(2) As conveyances.—Shall transfer to the purchaser all right, title, and interest of the party delinquent in and to the property sold; and

(3) As authority for transfer of corporate stock.—If such property consists of stocks, shall be notice, when received, to any corporation, company, or association of such transfer, and shall be authority to such corporation, company, or association to record the transfer on its books and records in the same manner as if the stocks were transferred or assigned by the party holding the same, in lieu of any original or prior certificate, which shall be void, whether canceled or not; and

(4) As receipts.—If the subject of sale is securities or other evidences of debt, shall be a good and valid receipt to the person holding the same, as against any person holding or claiming to hold possession of such securities or other evidences of debt, and

(5) As authority for transfer of title to motor vehicle.—If such property consists of a motor vehicle, shall be notice, when received, to any public official charged with the registration of title to motor vehicles, of such transfer and shall be authority to such official to record the transfer on his books and records in the same manner as if the certificate of title to such motor vehicle were transferred or assigned by the party holding the same in lieu of any original or prior certificate, which shall be void, whether canceled or not.

(b) Deed of Real Property.—In the case of the sale of real property pursuant to section 6335—

(1) Deed as evidence.—The deed of sale given pursuant to section 6338 shall be prima facie evidence of the facts therein stated; and

(2) Deed as conveyance of title.—If the proceedings of the Secretary as set forth have been substantially in accordance with the provisions of law, such deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real property thus sold at the time the lien of the United States attached thereto.

(c) Effect of Junior Encumbrances.—A certificate of sale of personal property given or a deed to real property executed pursuant to section 6338 shall discharge such properly from all liens, encumbrances, and titles over which the lien of the United States with respect to which the levy was made had priority.

(d) Cross References.—

(1) For distribution of surplus proceeds, see section 6342(b).

(2) For judicial procedure with respect to surplus proceeds, see section 7426(a)(2).

Form **2435**
(Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Certificate of Sale of Seized Property

**I certify that I sold at public sale the property described below, seized for nonpayment of delinquent Internal Revenue taxes due from:**

| Taxpayer's name | Date of sale |
|---|---|
| Everett Painting Company, Inc. | 05/14/2019 |

Sale held at: 2501 NW 79th St., Miami, FL 33147

in the county of Miami-Dade.

**Description of property sold** *(If you need more space, please attach a separate sheet. If property listed includes motor vehicles, airplanes, and/or boats, see information under Notice of Encumbrances.)*

10 53 41
EVERGLADE TERRACE PB 19-25
Lots 30
Block 1
Lot size 25.000 X 85
OR 17765-0797 5 (4)

More commonly known as Folio 30-3110-048-0120, 2550 NW 79th Ter., Miami, FL 33147.

**The above property was sold at the highest bid received, and receipt of the bid amount is acknowledged. The sale was conducted as provided by Subchapter D, Chapter 64, of the Internal Revenue Code and related regulations.**

| Sale amount | Purchaser's name |
|---|---|
| $ 1,600.00 | GaGa Opportunity 2501 NW 79 Street, LLC |

Purchaser's address
8600 NW 36th Ave.
Miami, FL 33147

| Signature of IRS employee | Area Office / Territory Office |
|---|---|
| [signature] | SE:S:C:HQC:QTS:PALSE |

| Office address of IRS employee | Date |
|---|---|
| 1899 Powers Ferry Rd., Ste. 250<br>Atlanta, GA 30339 | 06/24/2019 |

Form **2435**
(Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Notice to Purchaser or Purchaser's Assignee

## Personal Property

This certificate transfers to the purchaser all right, title, and interest of the taxpayer in and to the personal property described.

## Real Property

If the real property is not redeemed within the time prescribed in section 6337 of the Internal Revenue Code, a deed will be issued as soon
in and to the real property. Instructions for obtaining a deed are given below.

## Redemption Rights

The rights of redemption of real estate after sale, as specified in Code Section 6337(b), are quoted below:

(b) Redemption of Real Estate After Sale.

(1) Period. —The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having
sold, or any particular tract of such property, at any time within 180 days after the sale thereof.

(2) Price. —Such property or tract shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum.

## How to Obtain a Deed

If the real estate is not redeemed within the 180-day period, the purchaser or assignee may obtain a deed by surrendering this certificate of sale, either by personal delivery or mail, to:

(1) The Area Director of Internal Revenue for the area in which the property is located, marked for the Attention, Technical Support Manager; or

(2) The address of the Internal Revenue Service office shown on the front of this certificate.

## Applicable Sections Under The Internal Revenue Code

SEC. 6338. CERTIFICATE OF SALE: DEED OF REAL PROPERTY

(a) Certificate of Sale.—In the case of property sold as provided in section 6335, the Secretary shall give to the purchaser a certificate of sale upon payment in full of the purchase price. In the case of real property, such certificate shall set forth the real property purchased, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor.

(b) Deed to Real Property.—In the case of any real properly sold as provided in section 6335 and not redeemed in the manner and within the time provided in section 6337,
in which such real property is situated pertaining to sales of real property under execution) to the purchaser of such real property at such sale, upon his surrender of the certificate of sale, a deed of the real property by him, reciting the facts set forth in the certificate.

(c) Real Property Purchased by United States.—If real properly is declared purchased by the United States at a sale pursuant to section 6335, the Secretary shall at the proper time execute a deed therefore, and without delay cause such deed to be duly recorded in the proper registry of deeds.

SEC. 6339. LEGAL EFFECT OF CERTIFICATE FOR SALE OF PERSONAL PROPERTY AND DEED OF REAL PROPERTY.

(a) Certificate of Sale Property Other Than Real Properly.—In all cases of sale pursuant to section 6335 of property (other than real property), the certificate of sale—

(1) As evidence.—Shall be prima facie evidence of the right of the officer to make such sale, and conclusive evidence of the regularity of his proceedings in making the sale; and

(2) As conveyances.—Shall transfer to the purchaser all right, title, and interest of the party delinquent in and to the property sold; and

(3) As authority for transfer of corporate stock.—If such property consists of stocks, shall be notice, when received, to any corporation, company, or association of such transfer, and shall be authority to such corporation, company, or association to record the transfer on its books and records in the same manner as if the stocks were transferred or assigned by the party holding the same, in lieu of any original or prior certificate, which shall be void, whether canceled or not; and

(4) As receipts.—If the subject of sale is securities or other evidences of debt, shall be a good and valid receipt to the person holding the same, as against any person holding or claiming to hold possession of such securities or other evidences of debt, and

(5) As authority for transfer of title to motor vehicle.—If such property consists of a motor vehicle, shall be notice, when received, to any public official charged with the registration of title to motor vehicles, of such transfer and shall be authority to such official to record the transfer on his books and records in the same manner as if the certificate of title to such motor vehicle were transferred or assigned by the party holding the same the in lieu of any original or prior certificate, which shall be void, whether canceled or not.

(b) Deed of Real Property.—In the case of the sale of real property pursuant to section 6335—

(1) Deed as evidence.—The deed of sale given pursuant to section 6338 shall be prima facie evidence of the facts therein stated; and

(2) Deed as conveyance of title.—If the proceedings of the Secretary as set forth have been substantially in accordance with the provisions of law, such deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real property thus sold at the time the lien of the United States attached thereto.

(c) Effect of Junior Encumbrances.—A certificate of sale of personal property given or a deed to real property executed pursuant to section 6338 shall discharge such properly from all liens, encumbrances, and titles over which the lien of the United States with respect to which the levy was made had priority.

(d) Cross References.—

(1) For distribution of surplus proceeds, see section 6342(b).

(2) For judicial procedure with respect to surplus proceeds, see section 7426(a)(2).

# EXHIBIT "E"

**USPS CERTIFIED MAIL ™**

**9202 8901 2076 5803 1961 67**

DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE

7840 SW 6 COURT

PLANTATION FL 33324

# USPS Tracking®

**FAQs >** **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

**Track Another Package +**

**Tracking Number:** 420333249202890120765803196167

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 11:12 am on March 25, 2019 in FORT LAUDERDALE, FL 33324.

## Delivered

March 25, 2019 at 11:12 am
Delivered, Front Desk/Reception/Mail Room
FORT LAUDERDALE, FL 33324

Feedback

**Get Updates**

**Text & Email Updates**

**Return Receipt Electronic**

**Tracking History**

**March 25, 2019, 11:12 am**
Delivered, Front Desk/Reception/Mail Room
FORT LAUDERDALE, FL 33324
Your item was delivered to the front desk, reception area, or mail room at 11:12 am on March 25, 2019 in FORT LAUDERDALE, FL 33324.

**March 24, 2019, 2:19 am**
Departed USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

---

**March 23, 2019, 12:23 am**
Arrived at USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

---

**March 22, 2019, 11:08 pm**
Accepted at USPS Regional Origin Facility
MIAMI FL INTERNATIONAL DISTRIBUTION CENTER

---

**March 18, 2019**
Pre-Shipment Info Sent to USPS, USPS Awaiting Item

---

**Product Information**

Feedback

**See Less**

## Can’t find what you’re looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.
- Automatically track the packages you're expecting.
- Set up email and text alerts so you don't need to enter tracking numbers.
- Enter USPS Delivery Instructions™ for your mail carrier.

Feedback

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?app=UspsTools&appURL=https%**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

# EXHIBIT "F"

COLLMAN

**Internal Revenue Service**
Advisory, Mail Stop 5780
7850 S.W. 6th Court
Plantation, FL 33324-3210

Official Business
Penalty for Private Use, $300

neopost
10/23/2019
US POSTAGE $000.50
FIRST-CLASS MAIL
US OFFICIAL MAIL
$300 Penalty
For Private Use
ZIP 33324
041M12120080

GaGa Opportunity 2501 NW 79 Street LLC
8600 NW 36th Avenue
Miami, FL 33147

33147$3932 C024

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**

**SMALL BUSINESS/SELF-EMPLOYED DIVISION**
Internal Revenue Service
Advisory Group, Stop 5780
7850 SW 6th Court
Plantation, FL 33324

October 22, 2019

GaGa Opportunity 2501 NW 79 Street
8600 NW 36 Avenue
Miami, FL 33147

RE: IRS Tax Auction May 14, 2019

Dear Mr. Davis:

We are in receipt of your inquiry regarding the property described as follows:

10 53 41 EVERGLADE TERRACE PB 19-25 Lots 15 and 16 less the South 15 feet and all of Lot 29 Block 1 Lot size irregular OR 17765-4862 0797 5 (4). More commonly known as Folio 30-3110-048-0100, 0.13 acre vacant lot.

Per the information you provided this property was sold at a Miami-Dade County Tax Deed Sale to the highest bidder on May 9, 2019. A Tax Deed was recorded May 13, 2019 in Miami-Dade County Official Records Book 31439 Page 3916. After reviewing this transaction, it was determined this property was sold prior to the IRS sale. The funds for this property in the amount of $57,600.00 will **be** returned.

Regarding the other properties that were sold on May 14, 2019 at the IRS Tax Auction, listed as follows:

2531 NW 79th St., Miami, FL 33147
2501 NW 79th St., Miami, FL 33147
2550 NW 79th Ter., Miami, FL 33147

Please note per Form 2434-B Notice of Encumbrances Against or Interests in Property Offered for Sale, that was issued at time of sale:

> The property will be sold "**as is**" and "**where is**" and without recourse against the United States. The Government makes no guaranty or warranty, expressed or implied, as to the validity of the title, quality, quantity, weight, size, or condition of the property, or its fitness for any use or purpose. No claim will be considered for allowance or adjustment or for rescission of the sale based upon failure of the property to conform with any representation, expressed or implied.

Also note the Form 2435 Certificate of Sale that was issued at time of purchase may be used to pursue a quiet title action.

Please note a deed will be issued after the 180-day redemption period and the surrender of the Form 2435 as indicated on Form 2435.

If you have any questions or need more information, please contact me at the address or the telephone number listed below:

Internal Revenue Service
7850 S. W. 6th Court
Stop 5780
Plantation, Florida 33324-3202

Phone#: (954) 991-4102
Fax#: (855) 851-8235

Sincerely,

T. Collman
Revenue Officer Advisor/Reviewer
Employee ID#: 1000315711